IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 7:15-CR-28-FL-1
NO. 7:17-CV-5-FL

| | | |
|---|---|---|
| WILFRED FARRIOR, JR., | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, (DE 50), and the government's motion to dismiss. (DE 54). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Robert T. Numbers, II, entered a memorandum and recommendation ("M&R"), (DE 59), wherein it is recommended that the court deny petitioner's motion and grant respondent's motion. Petitioner timely filed objections to the M&R, and in this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the M&R, denies petitioner's motion, and grants respondent's motion.

## BACKGROUND

On March 10, 2015, a grand jury indicted petitioner on one count of conspiracy to distribute and possess with the intent to distribute a quantity of cocaine base (crack) and ten counts of possession with the intent to distribute cocaine base. (DE 1). At arraignment September 15, 2015, petitioner pleaded guilty to the conspiracy charge, and all other charges were dismissed pursuant to plea agreement. (DE 32, 34). The plea agreement provided that by accepting the agreement,

defendant knowingly and expressly waived all rights to appeal, excepting the right to appeal a sentence in excess of the applicable advisory sentencing guidelines, and the right to appeal on the grounds of ineffective assistance of counsel or prosecutorial misconduct not known to petitioner at the time of his guilty plea. (DE 34 ¶ 2(c)).

On February 23, 2016, this court sentenced petitioner to 150 months imprisonment, and petitioner did not appeal the sentence. Petitioner filed the instant motion to vacate on January 10, 2017, asserting claims of ineffective assistance of counsel on grounds that counsel advised petitioner to plead guilty to a charge of conspiracy where no facts establishing conspiracy existed and that counsel failed to object to inclusion of drug weight associated with said conspiracy in calculating petitioner's base offense level. Respondent moved to dismiss.

**DISCUSSION**

A.  Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was

2

imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B. Analysis

To establish ineffective assistance of counsel, a petitioner must satisfy a two pronged-test. Strickland v. Washington, 466 U.S. 688, 687 (1984). First, petitioner must show that his attorney's performance "fell below an objective standard of reasonableness." Id. at 688. Second, petitioner must demonstrate prejudice caused by the attorney's performance. Id. at 693.

Petitioner objects to the magistrate judge' determination that drug transactions forming the factual basis for the indictment support a charge of conspiracy even where such transactions did not involve large quantities of drugs. In this manner, petitioner objects to the magistrate judge's determination that, in advising petitioner to plead guilty to the conspiracy charge, petitioner's attorney's performance did not fall below that objective standard of reasonableness.

However, petitioner does not object to the magistrate judge's determination that petitioner incurred no prejudice upon pleading guilty to conspiracy where his alternative was to face trial on ten counts of possession with intent to distribute crack cocaine, a schedule I controlled substance,

3

which charges carried potential sentence greater than the sentence provided in the plea agreement. To establish prejudice, petitioner must demonstrate that it was "rational under the circumstances" to go to trial instead of taking the plea bargain. See Padilla v. Kentucky, 559 U.S. 356, 372 (2010). Each of the ten counts of possession with intent to distribute crack cocaine was supported by strong evidence including ten controlled purchases by confidential informants between January and May, 2013. (DE 36 at 4–5 ¶ 6). Each count carries a potential sentence of 20 years. See 21 U.S.C. § 841(b)(1)(C) (establishing 20 year maximum sentence for violation of 21 U.S.C. § 841(a)(1)). Therefore, even upon de novo review of the M&R's analysis of prejudice, the court finds it would have been irrational for defendant to reject the plea bargain, as the magistrate judge found. See Padilla, 559 UY.S. at 372. Thus, even if petitioner's objections based upon his attorney's performance relative to that objective standard of reasonableness were sustained, the motion to vacate still fails because petitioner fails to demonstrate any prejudice. Strickland, 466 U.S. at 693. Accordingly, without reaching petitioner's objections on the basis of reasonableness of his attorney's performance, the court adopts the recommendation in the M&R.

C.     Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

For the foregoing reasons, the court ADOPTS the recommendation of the M&R. The government's motion to dismiss (DE 54) is GRANTED, and petitioner's motion to vacate, set aside, or correct his sentence (DE 50) is DENIED. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 15th day of January, 2018.

                                          LOUISE W. FLANAGAN
                                          United States District Judge